—————— BALL, Plaintiff, *v.* NIPPON YUSEN (KABUSHKI KAISHA) and Another, Defendants.

City Court of New York, New York County, July 23, 1931.

*Single & Hill [Gregory S. Rivkins* and *C. Welmore Robinson* of counsel], for the plaintiff.

*Burlingham, Veeder, Fearey, Clark & Hupper [B. H. White* of counsel], for the defendant Nippon Yusen (Kabushki Kaisha).

*Hardin, Hess & Eder [Harold B. Elgar* of counsel, and *Frank Rashap* on the brief], for the defendant Canadian Pacific Railway Company.

LIPPE, J. These are motions by the defendants to dismiss the complaint upon the ground that the court has no jurisdiction of the defendants or of the subject-matter of the causes of action, and also upon the further ground that the exercise of jurisdiction by this court would be violative of the interstate commerce clause of the Constitution of the United States. The action is brought by plaintiff, as assignee of P. Pastene & Co., Lim., of Montreal, Canada, to recover from the defendants, common carriers, for damage to a shipment of merchandise transported by them from Italy to Montreal. Plaintiff is a resident of this State. Defendants are foreign corporations doing business here.

As the defendants have appeared generally in the action and as it also appears that they are doing business here, the contention

that the court has no jurisdiction of the persons of the defendants is without merit. That the court would ordinarily have jurisdiction over the subject-matter of the cause of action is apparent from a reading of section 224 of the General Corporation Law of 1929, which provides that " an action against a foreign corporation may be maintained by a resident of the state, * * * for any cause of action." The fact that plaintiff resident is the assignee of the claim of a foreign corporation does not deprive him of the right to maintain the action. (*McCauley* v. *Georgia Railroad Bank*, 239 N. Y. 514.)

The remaining question for consideration is whether or not the exercise of jurisdiction by this court is in violation of the commerce clause in the Federal Constitution (Art. 1, § 8, subd. 3). Under this clause Congress has the power " to regulate commerce with foreign nations, and among the several States." The question, therefore, presents itself as to whether or not the original transaction upon which the cause of action is predicated comes within the meaning of commerce with foreign nations. If the transaction constitutes commerce with foreign nations, this court would be without power to entertain jurisdiction for the reason that it would be placing an unreasonable burden upon commerce with foreign nations to require the defendants to come into this forum to defend a cause of action against them arising outside of the United States. The power of Congress under the commerce clause is limited to interstate and commerce with foreign nations, which includes transportation from any State or Territory or the District of Columbia to any foreign country, and from any foreign country to any State or Territory or the District of Columbia (36 U. S. Stat. 351, chap. 208, § 7; U. S. Code, tit. 45, § 43), but does not embrace transportation between foreign countries. The original transaction giving rise to the cause of action is not between a citizen of the United States and a citizen of some other nation, but is a transaction between citizens of foreign nations. The transaction itself does not, therefore, constitute a commerce with foreign nations. It might better be characterized as a transaction involving foreign commerce or commerce between citizens of foreign nations over which Congress has no regulatory control. To hold that foreign commerce or commerce between citizens of foreign nations comes within the power of Congress to regulate would be crediting to Congress power over matters having no relation to the United States or citizens of the United States.

The defendants, however, claim that even though the transaction itself may not come within the classification of commerce with foreign nations, inasmuch as the defendants are engaged in com-

merce with foreign nations, as carriers to and from the United States, the obligation to defend the action in this jurisdiction would be imposing an unreasonable burden upon commerce with foreign nations because the defendants are engaged in an occupation as carriers that may be characterized as commerce with foreign nations. I do not believe this contention is sound. It appears to the court that the transaction itself must constitute, or be part of, commerce with foreign nations, which Congress has the power to regulate, rather than the general occupation in which the defendants are engaged. Various cases cited by the defendants are not applicable, for in each of them the transaction involved was one of interstate or commerce with foreign nations within the meaning of the Constitution.

Motion denied. Order signed.